## GRANT v. CLINTON COTTON MILLS.

1. APPEAL—MAGISTRATE—TECHNICALITIES.—This Court does not regard with favor appeals from magistrate court upon mere technical grounds.

2. A MAGISTRATE SUMMONS requiring a defendant to appear and answer within six days from service of summons, is sufficient to inform defendant of day of trial. *Adkins* v. *Moore,* 43 S. C., 173; *Kelly* v. *Kennemore,* 47 S. C., 256; and *Paul* v. *Railway,* 50 S. C., 23, *distinguished from this.*

3. A MAGISTRATE SUMMONS directed to "M. S. Bailey, President of Clinton Cotton Mills," is a sufficient service on the corporation in magistrate's court.

Before WATTS, J., Laurens, October, 1899. Affirmed.

Action in magistrate court by Arthur Grant against Clinton Cotton Mills on following summons:

*Summons for Debt.*—By J. W. Peterson, Esq. To M. S. Bailey, President Clinton Cotton Mills: Complaint having been made unto me by Arthur Grant that you are indebted to him in the sum of five and seven one-hundredths dollars, for work done in the weaving department of the Clinton Cotton Mills from March 25th, A. D. 1899, to and including May 6th, A. D. 1899, a warrant of attachment has been issued against the output of the Clinton Cotton Mills to satisfy said claim, and the costs of this action. This is, therefore, to require you to appear before me in my office, at Laurens, S. C., within six days from the service of this summons, exclusive of the day of service, to answer to the said complaint, or judgment will be given against you by default. Dated May 16th, A. D. 1899. J. W. Peterson, (seal) Magistrate. Irby, Cooper & Babb, Plaintiff's Attorneys.

From order of Circuit Court affirming judgment of magistrate court, defendant appeals.

*Mr. F. C. McGowan,* for appellant, cites: Code, 88, sub.

6; 52 S. C., 87; 25 S. C., 416; 43 S. C., 175; 47 S. C., 173; 50 S. C., 24; 51 S. C., 400.

*Messrs. Irby, Cooper & Babb,* contra.

March 14, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action commenced by the plaintiff against the defendant before a magistrate to recover the sum of five dollars and seven cents alleged to be due him for his wages as a weaver in said mills. The summons bears date 16th of May, 1899, and was directed to "M. S. Bailey, President Clinton Cotton Mills," requiring him to appear before the magistrate at his office, at Laurens, S. C., within six days from the service of the summons exclusive of the day of service, to answer to the plaintiff's complaint, or judgment will be given by default. The next paper which appears in the case is a notice, *without date* (notwithstanding the frequent admonitions from this Court to the bar as to the necessity of dating their papers), addressed to the plaintiff's attorneys, informing them that, on the 22d of May, 1899, the defendant would move before the magistrate, at his office in the city of Laurens, "to set aside the summons and all records in the case for want of jurisdiction, in that: 1st. The said summons required the defendant to appear and answer within five days. 2d. That it did not state the day of trial. 3d. The summons is void for uncertainty." This motion was heard by the magistrate on the 22d of May, 1899, and after argument was refused. On the next day judgment was entered by the magistrate in favor of the plaintiff for the amount claimed, together with the costs, in which the recitals are that the summons had been served on the defendant more than five days before the same was rendered, and no answer or demurrer had been served, and that plaintiff had duly proved his claim. From this judgment defendant appealed to the Circuit Court, substantially upon the same grounds as those taken in support of the motion above referred to.

From the report of the magistrate it appears that the defendant made a special appearance before the magistrate "for the purpose only of objecting to the jurisdiction of the court, and to the uncertainty of the time in which the defendant was required to answer," and that when the motion to set aside the proceedings was refused, the defendant declined to answer, and judgment was rendered as above stated. This appeal was heard by the Circuit Court, and after arguments of counsel the Circuit Judge, in a short order, not setting forth any reasons, dismissed the appeal and affirmed the judgment of the magistrate. From this action of the Circuit Court the defendant appealed to this Court upon substantially the same grounds, and also upon the following ground, which does not appear to have been previously taken, viz: "Because his Honor should have reversed the judgment of the magistrate in that the summons was directed to M. S. Bailey, upon an alleged cause of action against him."

The questions made by the appeal are somewhat of a technical character; and in view of the provisions of section 368 of the Code requiring that the appellate court, in cases of this kind, "shall give judgment according to the justice of the case without regard to technical errors and defects which do not affect the merits," this Court, as was said in *Dargan* v. *West*, 27 S. C., at page 158, "would not lend a ready ear to an objection based upon a mere matter of form." While it is quite true that there are some informalities in the proceedings before the magistrate which might and should have been avoided, yet we do not think that such informalities affected the merits or have resulted in any injustice to the defendant. The notice of the motion given by the defendant shows that defendant had received notice of the action, and must, in fact, have been served with a copy of the summons, as the grounds of such motion rests upon alleged defects in the summons; and besides, the recital in the judgment shows that the summons had been served on the defendant

"more than five days" before the judgment was rendered. The magistrate had, therefore, acquired jurisdiction of the person (so to speak) of the defendant, and there can be no question that he had jurisdiction of the subject matter.    In addition to this, the defendant did appear before the magistrate, *not* for the purpose of setting aside *the service* of the summons, which would have raised a question of jurisdiction, but for the purpose of raising a question as to an omission in the summons which had been served.    There was, therefore, no question of jurisdiction raised, but only an objection to the form of the summons, and when the defendant refused to answer, after its motion to set aside the proceedings for informalities or omissions therein had been rejected, there was nothing left for the magistrate to do after the plaintiff had proved his claim, as the magistrate in his judgment says he did, but to render judgment accordingly. If it appeared that the defendant had been misled as to the time for the trial, and had thus lost the opportunity of making any defense to the action, a different view might possibly have been taken; but nothing of this kind appears, and on the contrary it does appear that on the sixth day after the service of the summons, certainly more than five days, the defendant then represented by counsel declined to answer, relying as we presume upon what was erroneously supposed to be a plea to the jurisdiction of the court.    This case differs widely from the cases of *Atkins* v. *Moore,* 43 S. C., 173; *Kelly* v. *Kennemore,* 47 S. C., 256; *Paul* v. *Railway Co.,* 50 S. C., 23, cited by appellant; for here the case was heard *after* the expiration of the five days allowed, and not *before* the expiration of the time provided by statute.

The appellant's third ground of appeal raises a question which is not properly before us, inasmuch as it does not appear to have been raised either before the magistrate or in the Circuit Court. · We may add, however, that if it were before us, it could not be sustained.    In the first place, it is a mistake to say, as is said in this exception, that the summons was directed to "M. S. Bailey,"

for, as stated above, the summons as set out in the "Case" shows that it was directed to "M. S. Bailey, President Clinton Cotton Mills," and that was certainly sufficient at least in the magistrate's jurisdiction.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.